**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Directory Assistants, Inc., | ) | No. MC 11-00096-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Does 1-10, | ) | |
| Defendants. | ) | |

Plaintiff Directory Assistants, Inc. ("DAI") filed an action against an unknown defendant in the United States District Court for the District of Connecticut, alleging intentional interference with contractual relations and tortious interference with business expectancies. DAI is an advertising consulting agency. The defendant anonymously posted reviews of DAI on two websites in April 2011. One of these websites, RipoffReport.com, is owned by non-party Xcentric Ventures, LLC ("Xcentric"). The website is an online forum where consumers can post complaints about businesses. The post on RipoffReport.com includes the following text:

> **Directory Assistants Inc David Ford, Dan Cassain Do Not Sign a Contract with this Company Glastonbury, Connecticut**
>
> Do not sign a contract with this company. Once you sign the contract you are not a customer, but a victim of their contract. They won't help you lower your ad costs. They will only tell you to reduce the size of your ad and when you do or make any changes at all they will charge you exhorbitant [sic] and outrageous fees. Dan C. is the good cop. He looks nice and is professional. Once they get you to sign, they you will be dealing with David Ford who

> sounds like a mafia kingpin. He will threaten to take you to court if you don't pay exhorbitant [sic] fees. Their contract is full of deceptive devices that work in their favor.

(Doc. 1, ex. 2 at 6). DAI sought information from Xcentric that could help it identify the anonymous poster. It issued a subpoena to Xcentric on May 24, 2011, with which Xcentric refused to comply. We now have before us plaintiff's motion to compel (doc. 1), Xcentric's response (doc. 9), and plaintiff's reply (doc. 13).

"[C]ivil subpoenas seeking information regarding anonymous individuals raise First Amendment concerns." Sony Music Entm't, Inc. v. Does 1-40, 326 F.Supp.2d 556, 562 (S.D.N.Y. 2004). The First Amendment protects the right to anonymous speech on the Internet, but this right is not absolute. McIntyre v. Ohio Elections Comm'n, 514 U.S. 334, 353 (1995); In re Anonymous Online Speakers, --- F.3d. ---, 2011 WL 61635, at *2 (9th Cir. Jan. 7, 2011). For instance, "statements that cannot 'reasonably [be] interpreted as stating actual facts' about an individual" are protected. Milkovich v. Lorain Journal Co., 497 U.S. 1, 20, 110 S. Ct. 2695, 2706 (1990) (quoting Hustler Magazine, Inc. v. Falwell, 485 U.S. 46, 50, 108 S. Ct. 876, 879 (1988)). Xcentric contends that the posting is merely a non-actionable expression of opinion. We disagree. The post makes specific factual allegations about DAI's business practices and its employees. These assertions could be verified as true or false. For this reason, the statements could be actionable.

The degree of scrutiny given to anonymous online speech may vary with the circumstances and the kind of speech at issue. In re Anonymous Online Speakers, 2011 WL 61635, at *2. While some federal and state courts have employed various standards, neither the United States Supreme Court nor the United States Court of Appeals for the Ninth Circuit has addressed the issue.

Some courts have required the moving party to show that its cause of action could survive a motion for summary judgment. See, e.g., Doe v. Cahill, 884 A.2d 451, 457 (Del. 2005); Mobilisa, Inc. v. Doe, 217 Ariz. 103, 112, 170 P.3d 712, 721 (Ct. App. 2007). Others have used the motion to dismiss or good faith standard. Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 579 (N.D. Cal. 1999); Lassa v. Rongstad, 294 Wis.2d 187,

- 2 -

1 215, 718 N.W.2d 673, 687 (2006). Still others require a concrete showing as to each element
2 of a prima facie case. Doe I v. Individuals Whose True Names Are Unknown, 561 F.Supp.2d
3 249, 256 (D. Conn. 2008); Dendrite Int'l, Inc. v. Doe No. 3, 342 N.J. Super. 134, 141-42, 775
4 A.2d 756, 760-61 (N.J. Super. Ct. App. Div. 2001).

DAI suggests we should apply Best Western International, Inc. v. Doe, No. CV-06-1537-PHX-DGC, 2006 WL 2091695, at *5 (D. Ariz. July 25, 2006), which required a concrete showing of a prima facie claim of actionable harm, the equivalent of the summary judgment standard. Id. at *4-5. Xcentric asserts that a summary judgment standard controls as well, based on Mobilisa. We think that now that the federal pleading standard has been raised by Twombly and Iqbal, discussed below, satisfaction of the federal pleading standard should be sufficient to warrant disclosure of the identity of anonymous comments. Nevertheless, we need not decide what standard applies because plaintiff has failed to satisfy even the federal pleading standard.

A complaint must contain "enough facts to state a claim to relief that is plausible on its face" in order to survive a motion to dismiss. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." Id. at 1950 (brackets and internal quotation marks omitted). Even assuming the plaintiff's factual allegations are true, they do not plausibly give rise to an entitlement to relief under Iqbal's standard.

We note that plaintiff does not plead defamation. Instead, DAI first alleges intentional interference with contractual relations. Under Connecticut law,

> [a] claim for intentional interference with contractual relations requires the plaintiff to establish: (1) the existence of a contractual or beneficial relationship; (2) the defendant's knowledge of that relationship; (3) the defendant's intent to interfere with the relationship; (4) that the interference was tortious; and (5) a loss suffered by the plaintiff that was cause[d] by the

- 3 -

1  defendant's tortious conduct.

2 Rioux v. Barry, 283 Conn. 338, 351, 927 A.2d 304, 311-12 (2007). Plaintiff's claim is not
3 facially plausible because there is no showing of loss, the fifth element of the cause of action.
4 DAI's complaint alleges that defendant's conduct caused DAI to suffer actual damages, but
5 it provides no facts to support the allegation. DAI's motion to compel includes more detailed
6 allegations of damages, but makes no showing of loss resulting from interference with
7 existing relationships. Two customers in Virginia purportedly declined to do business with
8 DAI after reading the posts, but these were prospective customers with no existing
9 contractual relationship with DAI. While DAI claims to have spent significant time and
10 money to address the posts, it has done so only to "reassure concerned prospective
11 customers" (doc. 1 at 11). There is no showing of a loss to a contractual or beneficial
12 relationship caused by the defendant's conduct.

13  DAI's second claim is for tortious interference with business expectancies. The
14 elements are: "(1) a business relationship between the plaintiff and another party; (2) the
15 defendant's intentional interference with the business relationship while knowing of the
16 relationship; and (3) as a result of the interference, the plaintiff suffers actual loss." Hi-Ho
17 Tower, Inc. v. Com-Tronics, Inc., 255 Conn. 20, 27, 761 A.2d 1268, 1273 (2000). The
18 plaintiff must also prove the defendant acted with improper motive or improper means.
19 Blake v. Levy, 191 Conn. 257, 262, 464 A.2d 52, 55 (1983).

20  DAI did not plead a facially plausible claim of tortious interference with business
21 expectancies. Plaintiff's motion to compel alleged that two prospective customers declined
22 to do business with it because of the posts, but plaintiff failed to make a concrete showing
23 that the defendant intended to interfere with these specific business relationships while
24 knowing of the existence of these relationships. Knowledge of the specific business
25 relationship, not knowledge of amorphous potential customers, is necessary for liability to
26 attach. See Collins v. Anthem Health Plans, Inc., 275 Conn. 309, 334, 880 A.2d 106, 120
27 (2005) (plaintiff must prove a business relationship existed and "the defendant intentionally
28 interfered with *that* business relationship while knowing of its existence") (emphasis added);

1  Solomon v. Aberman, 196 Conn. 359, 383, 493 A.2d 193, 206 (1985) (claim involves the
2  existence of a relationship and "the defendant's knowledge of *that* relationship") (emphasis
3  added).
4      DAI has not satisfied the minimal possible standard for disclosure, and the one this
5  court would most likely adopt, let alone the more burdensome summary judgment standard.
6  Accordingly, **IT IS ORDERED DENYING** plaintiff's motion to compel. (Doc. 1).
7      DATED this 3rd day of November, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 5 -